And our last case this morning is Williams v. Rajoli. Yes, all right, let's proceed then. Mr. is it Wing Dang? That's right, Your Honor. You may proceed. Good morning and may it please the court. I am Min Wing Dang for Appellant Sean Williams. After Dr. Rajoli incorrectly stopped Mr. Williams' pain medication and nurse powers failed to help him, Mr. Williams promptly and repeatedly filed informal grievances. But the person just didn't respond. So despite Mr. Williams' efforts, the prison was able to frustrate his ability to use the grievance process. He lacked the evidence and the information he needed to file a timely formal grievance. Since the process as a result was not available to Mr. Williams, or at a minimum, he had good cause for his I'll start with the prison making it impossible for Mr. Williams to comply with its policy. The policy applies to both sides. Inmates have to file an informal grievance and prison staff are expected to attempt informal resolution. And we can see that on page 837. Now the policy has many requirements for inmates. They have only 10 days to file a formal grievance and they have to include with that detailed information about what happened and who was responsible, as well as of their attempts at informal resolution. And on top of that, under the policy and time at the place, Mr. Williams couldn't even make copies of any of his documents. On the other hand, the policy demands only of prison staff that they attempt to respond to the informal grievance. And if they don't do that, then the prison can simply frustrate the entire process. But the consequences of that, Mr. Williams holds, should fall on the prison, not on the inmate. Otherwise, it's just setting up a heads-I-win, tails-you-lose situation. But Mr. Wendeng, there is no requirement in the exhaustion regulations here that the prisoner receive a response to the request for informal resolution before filing the formal grievance. The requirement is that the prisoner attempt informal resolution and submit evidence of that attempt, but the prisoner doesn't have to wait for a response before complying with the 10-day deadline for filing a formal grievance. Perhaps that happens in the ordinary course, but it's not required. So nothing prohibited your client from filing the formal grievance. Your Honor, we think that the policy read as a whole reasonably leads the inmate to believe that there will be a response. As you point out, the formal grievance has to come with evidence, as the example is given, the use of the word document indicates, is through documentary evidence. And now Mr. Williams, having submitted his informal grievances and not having been able to make copies of them, didn't have any documentary evidence of his attempts at informal resolution. And so coupled with the provision that the staff are expected to engage in the informal resolution process, we think it's a fair reading of the policy as a whole that Mr. Williams reasonably expected he would receive some sort of response from the prison, and that would be the evidence that he would need to properly file a formal grievance. Well, he could have put together a declaration that said, I attempted to do this on this date, I was unsuccessful, or the prison didn't respond to me. He could have submitted some documentation of his efforts, correct? He didn't necessarily, that document didn't necessarily have to be a rejection from the prison. Well, I don't think Mr. Williams understood that that was an option to him. Certainly, it would seem to be a little, it would be asking a lot in this context where the informal resolution process is supposed to be a quick and simple process, the type of process to identify and fix these types of issues quickly. For them, the inmate, in order to court, and I think also the examples that were given in the policy do seem to talk about documents that could be created in the ordinary course of attempting informal resolution, not some type of extra affidavit step. And so, the other thing I would point out is that there's nothing in the policy that indicated to Mr. Williams that of the three requirements at issue here, one of them, the timeliness was more important than any other. As your honor's question indicates, as defendants have argued, it wasn't really reasonable to ask Mr. Williams to submit a deficient formal grievance simply to be able to be in time when under the policy, all three requirements are required. And failure to satisfy any one of them is an independent ground for rejecting a formal grievance. On top of that, if Mr. Williams files a insufficient formal grievance, he runs the risk of being labeled an abuser of the formal grievance process. He runs the risk of being labeled an abuser of the grievance process, and we just don't think that it's reasonable to require inmates to play those types of procedural games. And I do want to stress, because it's important, especially to the good cause argument, just how diligent Mr. Williams was. He was in real pain. This was a clear case of mistreatment. He filed in all six informal grievances and three requests for care, and he started hand-copying his grievances once he understood that they could simply disappear. And he even asked his caseworker to follow up. And again, if the prison had simply done its part, had responded to his informal grievances, as the record shows, they were actually able to fix the issue within a relatively short amount of time. So Mr. Williams would have been spared weeks of unnecessary pain, and frankly, we wouldn't be here at all. As between the two, Mr. Williams did his part and the prison did not, and so the prison shouldn't be rewarded for that. Now, the result of that is, as I said, either the remedy was not available or there was good cause, and that fits comfortably with this court's precedence. In Dole, the court held that a remedy is unavailable if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting. And in Piles, the court explained that good cause is a flexible standard, and in that case found that there was good cause for non-compliance if an inmate was diligent and the failure to comply was not his fault. Both of those amply described the situation, and so we would ask that the court reverse and remand. I'd like to reserve the rest of my time. Thank you. Mr. Wimmer. Morning. May it please the court. I'm Alex Wimmer on behalf of Dr. Rajolia and Nurse Powers. The district court in this case properly granted summary judgment because Williams failed to comply with the Indiana grievance process to exhaust his administrative remedies. To start the grievance process, Williams was required to do two things. He was required to to informally resolve his issue and submit a formal grievance within 10 business days of the incident giving rise to the grievance. There are no exceptions to the 10-day deadline for formal grievances, and the filing of a formal grievance is not tied to or dependent upon the response of an inmate receiving a response to his informal attempt at resolving his issue. Williams claims he attempted to informally resolve his grievances, but Williams admits he failed to follow the second step of the process, which requires submission of a formal grievance within 10 business days of the care with which he takes issue. Williams was taken off medication on July 19th and had until August 2nd to file a formal grievance. He was treated by Nurse Powers on July 23rd and had until August 6th to file a formal grievance regarding her treatment. Williams did not file a formal grievance until August 20th. Williams argues he needed to wait for response to his informal submissions before submitting these formal grievances in order to evidence these attempts. However, the question must be asked if he was concerned about these about evidencing his attempts in such a way, why once he had that evidence did he not submit it with his actual formal grievance on August 20th? He submitted a formal grievance that did not contain the documentary evidence that he now claims he was required to wait for. Additionally, if a formal grievance is submitted but returned for failing to conform with the grievance requirements, the process requires the prisoner to submit a revised grievance within five days of the date it was returned for reconsideration. Williams admits the only formal grievance he submitted was returned because the grievance specialist found that was filed too late and no good cause was shown for the delay. Williams also admits that when his formal grievance was returned and he was informed that his formal grievance was too late without providing good reason for the delay, he failed to resubmit it as required by the process. He claimed that he didn't think that it would do any good to add additional information such as the fact that he submitted informal attempts at resolving his issue in July as well as on May 5th. However, that was not a decision for him to make. It was up to the grievance specialist to reconsider his formal grievance after he had submitted it with that additional information. As this court stated in Hilby Snyder, if Williams disagreed with the decision, he needed to resubmit the grievance or he would fail to exhaust his remedies. Because Williams did not submit a timely formal grievance and failed to resubmit the late grievance he did file as required, Williams failed to exhaust the administrative remedies available to him. Nothing prevented Williams from submitting timely formal grievances. Williams simply failed to do so. Williams demonstrated by the information he provided in his informal attempts at resolution between July 23rd and July 28th as well as on August 5th that he possessed all the information he needed to submit a formal grievance without waiting for responses to his informal submissions. Williams' failure to exhaust was not the result of circumstances outside of his control. Williams simply failed to follow the process and failed to exhaust his remedies with respect to his claims against Dr. Rigoli and nurse powers. As a result, we respectfully ask that summary judgment be affirmed. Thank you. I'll relinquish the remainder of my time, Your Honors. Thank you. Mr. Wing-Den, rebuttal. Just three responses, Your Honor. The defendant's or opposing counsel just asked why Mr. Williams, when he submitted his formal grievance on August 20th, did not attach any evidence. Now, I don't believe that this argument was raised below and so we don't have Mr. Williams' answer to it, but certainly if his formal grievance had been rejected for lack of evidence, at that point, he would have been able to provide evidence, although only evidence of his later attempts, not evidence of his first attempts because he never had any evidence because the President never responded to those attempts. They also asked why Mr. Williams did not move for reconsideration of his formal grievance, but the formal grievance was not rejected, or at least the box that was checked wasn't checked for lack of evidence of informal resolution. It was rejected for being untimely and there was no additional information that Mr. Williams could have provided that would have made his formal grievance any more timely than it was. And finally, defendants indicate that Mr. Williams had the information that he needed to file his formal grievance within the 10-day period, but that's not really true. Mr. Williams didn't know until the prison responded to his third and fourth informal grievances who was responsible and that that the discontinuation of his medication, in fact, was an error and who was responsible for that error. And we can see exactly what would have happened if Mr. Williams had filed a formal grievance lacking that type of information. It would have been rejected just as the grievance officer's declaration or affidavit says. And so for these reasons, we think that the formal grievance process simply wasn't available to Mr. Williams or an alternative that he had good cause for not complying with it. And so the district court's decision should be reversed. All right. Thank you very much. Our thanks to both counsel. The case is taken under advisement and that concludes our argument calendar for today. The court is in recess.